IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                            **PLAINTIFF**

v.                            Case No. 4:20-cv-01085-LPR

**JANA W. THOMPSON**                                                   **DEFENDANT**

## DEFAULT JUDGMENT ORDER

On September 10, 2020, Plaintiff United States of America filed a Complaint in the Eastern District of Arkansas.[1] The Complaint alleges a single cause of action under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et. seq*.[2] In short, the Complaint alleges that Defendant Jana W. Thompson defaulted on a contract she was awarded under the Nursing Education Loan Repayment Program for Nurse Faculty.[3]

Ms. Thompson has failed to plead or otherwise defend against the allegations in the Government's Complaint.[4] And Ms. Thompson has not appeared in the case. Pursuant to the Government's request, the Clerk of the Court entered default against Ms. Thompson.[5] Now before the Court is the Government's Motion for Default Judgment under Federal Rule of Civil Procedure 55(b)(2).[6] The Court will grant the Government's Motion for the following reasons.

---

[1] Compl. (Doc. 1).

[2] *Id.* ¶ 1.

[3] *Id.* ¶¶ 3-6.

[4] Mot. for Entry of Default (Doc. 3).

[5] Clerk's Entry of Default (Doc. 4). The Government's attorney, Ms. Stacey McCord, filed an Affidavit stating that Ms. Thompson was properly served with the Complaint, and that Ms. Thompson is not an infant, incompetent, or a member of the United States military. Aff. in Supp. of Mot. for Entry of Default (Doc. 3-1).

[6] Mot. for Default J. (Doc. 5).

**Facts**

When default is entered, the facts in the complaint (aside from those relating to damages) are taken as true.[7] In fact, "the 'defendant is deemed to have admitted all well pleaded allegations in the complaint.'"[8] According to the Complaint, on May 24, 2010, Ms. Thompson signed an application to participate in the "Nursing Education Loan Repayment Program for Nurse Faculty, under the Public Health Service Act, 42 U.S.C. § 297n."[9] Her application was approved.[10] On September 20, 2010, Ms. Thompson entered into a two-year contract with the Secretary of Health and Human Services.[11]

During her two-year contract, the Federal Government paid Ms. Thompson a total of $34,985.66 in loan repayment funds.[12] In return, Ms. Thompson agreed to serve full-time as a nurse faculty member at the University of Arkansas, Little Rock, for a period of two consecutive years beginning September 20, 2010 until September 19, 2012.[13] During this time period, Ms. Thompson was required to submit semi-annual reports verifying "her employment and compliance with her NELRP-NF service obligation."[14]

Ms. Thompson failed to submit employment verification forms for the time periods of September 20, 2011 to March 19, 2012, and from March 20, 2012 to September 19, 2012.[15] The

---

[7] *Martinizing Int'l, LLC v. BC Cleaners, LLC*, 855 F.3d 847, 850 (8th Cir. 2017).

[8] *Sullivan & Assocs., LLC v. Holladay*, No. 3:09CV00079 JLH, 2010 WL 582790, at *1 (E.D. Ark. Feb. 16, 2010) (quoting *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n.7 (8th Cir.1988)).

[9] Compl. (Doc. 1) ¶ 3.

[10] *Id.*

[11] *Id.* ¶¶ 3-4.

[12] *Id.* ¶ 4.

[13] *Id.*

[14] *Id.*

[15] *Id.*

Government reminded Ms. Thompson of her reporting obligation on multiple occasions between March 2012 and April 2012.[16] But Ms. Thompson never responded or otherwise acted on the Government's reminders. On January 2, 2014, Ms. Thompson was notified that she had been placed in default of the contract on September 19, 2011.[17] Ms. Thompson had three years from the date of default to pay the debt.[18] Under the terms of the contract, Ms. Thompson was required to pay "an amount equal to all payments made under the contract, plus interest at the maximum legal prevailing rate."[19]

For the next four-and-a-half years, the Government sent Ms. Thompson letters notifying her that her account was delinquent and demanding payment.[20] But Ms. Thompson never responded or otherwise addressed her debt. As of June 28, 2019, Ms. Thompson owed the United States $66,279.60 (principal $34,985.66 and interest $31,293.94), with interest continuing to accrue at the fixed rate of 11.5% per annum until the date of judgment.[21]

Two Exhibits are attached to the Complaint. The first Exhibit is a copy of the two-year loan repayment contract that Ms. Thompson entered into with the Secretary of Health and Human Services.[22] The second Exhibit is a Certificate of Indebtedness.[23] The Certificate certifies under penalty of perjury that Ms. Thompson is indebted to the United States for the amount previously stated.[24] The certificate details the various measures taken by the Department of Health and

---

[16] Ex. 2 (Certificate of Indebtedness) to Compl. (Doc. 1) at 5-7.

[17] Compl. (Doc. 1) ¶ 5.

[18] *Id.*; Ex. 1 (Contract) to Compl. (Doc. 1) at 4; Ex. 2 (Certificate of Indebtedness) to Compl. (Doc. 1) at 5-7.

[19] Ex. 1 (Contract) to Compl. (Doc. 1) at 4.

[20] Ex. 2 (Certificate of Indebtedness) to Compl. (Doc. 1) at 5-7.

[21] *Id.* at 5.

[22] Ex. 1 (Contract) to Compl. (Doc. 1) at 4.

[23] Ex. 2 (Certificate of Indebtedness) to Compl. (Doc. 1) at 5-7.

[24] *Id.*

Human Services to contact Ms. Thompson and to recover the debt.[25]

## Discussion

Although the facts in the Complaint are taken as true and deemed admitted, the Court must still "consider whether the unchallenged facts constitute a legitimate cause of action."[26] Indeed, "a party in default does not admit mere conclusions of law."[27] Based on the undisputed facts alleged in the Complaint, the copy of the loan repayment contract, and the Certificate of Indebtedness, the Government has established that it is entitled to a favorable judgment.

The undisputed facts and documentary evidence show that Ms. Thompson applied for and entered into a loan repayment contract with the Government. Ms. Thompson received from the Government a total of $34,985.66 under the contract. But Ms. Thompson failed to uphold her end of the agreement. The Government established that Ms. Thompson defaulted on the two-year loan repayment contract, and that Ms. Thompson breached her contractual obligation to repay to the Government "an amount equal to all payments made under the contract, plus interest at the maximum legal prevailing rate," within three years of the date of her default.

## Damages

Under Federal Rule of Civil Procedure 55(b)(2), the Court *may* hold an evidentiary hearing to determine damages. "[B]ut a hearing is not required if the amount is ascertainable from definite figures, facts, and evidence provided by plaintiffs."[28] Indeed, "the need for a hearing is within the

---

[25] *Id.*

[26] *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).

[27] *Id.* (quoting *Murray*, 595 F.3d at 871).

[28] *Helena Agri-Enterprises LLC v. Johnson*, No. 2:19-CV-00116-LPR, 2020 WL 265943, at *2 (E.D. Ark. Jan. 17, 2020).

sound discretion of the district court."[29]

A hearing is not necessary in this case.  The Certificate of Indebtedness is sufficient to establish the damages owed.  The Certificate states that Ms. Thompson received "loan repayment funds totaling $34,985.66" at an interest rate of 11.5% per annum.  As of June 28, 2019, Ms. Thompson owed the Government a total of $66,279.60, which consisted of $34,985.66 in principal and $31,293.94 in accrued interest.  Since June 28, 2019, interest has continued to accrue on the principal amount at the fixed rate of 11.5% per annum.  As of the date of this Order, an additional $7,603.80 of interest has accrued since June 28, 2019.  Accordingly, Ms. Thompson owes the Government a total of $73,883.40, consisting of $34,985.66 in principal and $38,897.74 in accrued interest.

The Government also requests $350 for the cost of the filing fee under 28 U.S.C. § 2412(a)(2).  While the award of costs is discretionary under the language of the statute, the Court will exercise its discretion to award the Government costs of $350.

## Conclusion

For all of the foregoing reasons, the Court GRANTS Plaintiff United States of America's Motion for Default Judgment.  IT IS THEREFORE ORDERED THAT judgment will be entered in the Government's favor in the total amount of $74,233.40 as follows: $34,985.66 in principal; $38,897.74 in accrued interest; and $350 in costs.

The Government is further awarded post-judgment interest under 28 U.S.C. § 1961.[30]  Post-

---

[29] *See, e.g.*, *Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008).

[30] According to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  The "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  The "[i]nterest shall be computed daily to the date of payment" and "compounded annually."[30]  The weekly average 1-year constant maturity Treasury yield for the calendar week preceding the date of judgment is .05%.  *See* BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM, (May 18, 2021, 10:00am), https://www.federalreserve.gov/releases/h15/.

judgment interest shall be calculated at a rate of .05% from the date of the entry of the Judgment. "Interest shall be computed daily to the date of payment" and "compounded annually."[31]

      IT IS SO ORDERED this 18th day of May 2021.

                                            *[signature]*
                                            LEE P. RUDOFSKY
                                            UNITED STATES DISTRICT COURT

---

[31] 28 U.S.C. § 1961(b).